## W. S. COLLINS &° CO. *v.* J. F. NEWTON.

AGENT. *Power to collect.* The power of an agent to sell, implies the power to receive payment, unless the purchaser had notice that the agent had authority from his principal to sell only.

Case cited: 5 Sneed, 469.

### FROM MADISON.

Appeal from Circuit Court. G. B. BLACK, Judge.

CARUTHERS & MALLORY for Complainants.

CAMPBELL & McCORRY for defendant.

DEADERICK, J., delivered the opinion of the court.

There was a verdict in the Circuit Court of Madison county, and judgment thereon, in favor of plaintiffs, for $52, for which they have appealed in error to this court.

The suit was commenced before a justice of the peace, on acceptance of a draft by defendant drawn

Collins & Co. *v.* Newton.

by plaintiff for $184.50, the price of two barrels of whisky sold defendant by Stewart, the agent of plaintiff, in May, 1870, by sample. The defense to the suit was, that the whisky sent was not equal in quality to the sample exhibited by the plaintiff's agent. There is evidence to sustain this defense.

In September, 1870, Stewart collected $50 on the whisky, and was then informed of its inferior quality, and promised on his return to Louisville to have the matter adjusted, as the defendant testifies. Stewart denies that he made any such promise, or that defendant asked any deduction, but admits that he got the $50.

Exception is taken to the charge of the court. The court charged that Stewart, if still the agent of plaintiffs at the time he received the $50 paid on the whisky, would have the right to receive it as a payment, and that the power to sell, implies the power to receive payment, unless the purchaser had notice that the agent was empowered to sell only, and not to collect or receive the payment for sales he might make. There is no error in this charge.

The court refused to instruct the jury that if the defendant accepted the draft of plaintiffs payable in bank, then a payment to the agent of any part of the purchase money would be no payment to plaintiffs. There was no error in refusing this instruction.

The acceptance was at ninety days, and the payment of the $50 was after the protest of said draft for non-payment. And unless the defendant was notified not to pay the agent, he might safely make his

payments to him, as one authorized by plaintiffs to sell and to receive payment for goods sold ·by them. Parties dealing with recognized agents for the sale of the wares of their principals, may pay them, unless otherwise notified by the principals. 5 Sneed, 469.

The verdict of the jury is sufficiently sustained by the evidence, and there being no error in the charge of the court, the judgment must be affirmed.